UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NAJAH SALAAM,

                                  Plaintiff,

        -v.-                                                  5:11-CV-948
                                                                            (MAD/ATB)
SYRACUSE MODEL NEIGHBORHOOD
FACILITY, *et al.,*

                                  Defendants.
_____

NAJAH SALAAM
Plaintiff, *pro se*

ANDREW T. BAXTER, United States Magistrate Judge

**ORDER and REPORT-RECOMMENDATION**

      The Clerk has sent to the court for review this filing, together with an application to proceed *in forma pauperis* (IFP) from *pro se* plaintiff, Najah Salaam. (Dkt. Nos. 1, 2). In her filing, Ms. Salaam appears to allege that she was terminated from her employment with defendant Southwest Community Center (SWCC), based upon her race, in violation of myriad statutes and constitutional provisions. (Dkt. No. 1).

**I.    IFP Application**

      Ms. Salaam has filed this action, requesting that she be granted IFP status pursuant to 28 U.S.C. § 1915. (Dkt. No. 2). The statute governing IFP actions provides that the court may authorize the commencement of a civil action without the payment of fees, when a plaintiff files an affidavit that includes a statement that she is unable to pay the required fee or give security therefor. 28 U.S.C. § 1915(a)(1). Ms. Salaam has filed a form-motion to proceed IFP. (Dkt. No. 2).

A review of the application shows that Ms. Salaam states that she is not currently employed and, in the last year, states that she has received funds from "Unemployment." (Dkt. No. 2 at 3). Ms. Salaam has one dependent, and she indicates that she currently receives $260.00 each week. (Dkt. No. 2 at 3). Although plaintiff's financial situation is not completely clear, this court will assume for purposes of this Order and Report-Recommendation that plaintiff Salaam meets the financial criteria for proceeding IFP.

Even assuming that Ms. Salaam meets the financial criteria for IFP, section 1915 also provides that the court may dismiss a complaint *at any time* if the court finds that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(I)–(iii). To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). Even if a plaintiff has paid the filing fee, the court has "inherent authority" to dismiss a complaint on the same basis. *Fitzgerald v. First East Seventh Street Tenants*, 221 F.3d 362, 363–64 (2d Cir. 2000). Dismissal for failure to state a claim may be based upon either, or both, of two grounds: (1) a challenge to the sufficiency of the pleading under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Bridgeforth v. Popovics*, No. 09-CV-

545, (GTS/RFT), 2011 WL 2133661, at *2 (N.D.N.Y. May 25, 2011) (citing *Jackson v. Onondaga County*, 549 F. Supp. 2d 204, 211 nn. 15–16 (N.D.N.Y. 2008) (discussing the standard for a motion to dismiss)).

In deciding whether an action is frivolous, the court must determine whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim will be frivolous when it is "based on an 'indisputably meritless legal theory'. . . or [when] a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citing *Benitez v. Wolff*, 907 F.2d 1293, 1295 (2d Cir. 1990) (per curiam); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995)). The court must keep in mind that when a plaintiff proceeds *pro se*, particularly when he or she claims violations of civil rights, the pleadings must be construed with great liberality. *Sealed Plaintiff v. Sealed Defendants*, 537 F.3d 185, 191 (2d Cir. 2008) (citation omitted). The court must interpret the pleadings to raise the strongest arguments they suggest. *McPherson v. Coombe*, 174 F.3d 276, 279 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). However, *pro se* status does not exempt the plaintiff from compliance with relevant rules of both procedural and substantive law. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (citation omitted). Finally, if a liberal reading of the complaint "gives any indication that a valid claim may be stated," the court must afford plaintiff leave to amend. *Cuoco v. Moritsugo*, 222 F.3d 99, 112 (2d Cir. 2000).

The court has reviewed Ms. Salaam's filing under these standards and finds that,

notwithstanding the liberality with which *pro se* actions are treated, Ms. Salaam has failed to set forth factual allegations in a federal complaint that comply with the Federal Rules of Civil Procedure. Thus, the court will grant IFP status in order that the complaint may be filed, and grant Ms. Salaam thirty days from the date of this order to file a proper federal complaint.

## II.   Background

Ms. Salaam's filing is very difficult to read and understand. In the caption of the cover page, it appears that Ms. Salaam has sued Syracuse Model Neighborhood Facility and three individual employees of the company. (Dkt. No. 1 at 1). However, attached to the cover sheet is a document dated April 8, 2010, entitled "letter/complaint," listing Ms. Najah Salaam and Ms. Knisha B. Lawry as "Complainants."[1] (Dkt. No. 1-1 at 1). No defendants are listed as such, but the letter/complaint has two "attention" lines listing Mr. Jesse Dowdell, Chief Executive Officer and Mary Anne Ciccarelli, Director of Human Resources, as employees of SWCC.[2] It appears from this document that Ms. Salaam is attempting to challenge the termination of her employment with SWCC (and

---

[1] The first page of Ms. Salaam's filing states "Najah Salaam (Plaintiff(s))" (Dkt. No. 1). No other names are listed as plaintiffs. It is unclear whether she is simply attempting to write in "legal-ese," or whether she is attempting to bring an action on behalf of herself *and* Knisha Lawry. If Ms. Salaam is attempting to bring an action on behalf of other individuals, she may not do so. As a *pro se* plaintiff, she may only represent herself. *See Cheung Youth Orchestra Foundation of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990). Thus, to the extent that she attempts to bring this action on behalf of other individuals, it must be dismissed. If Ms. Lawry also wishes to assert claims with Ms. Salaam, Ms. Lawry must sign the new complaint and file a separate application to proceed IFP.

[2] It is unclear from plaintiff's filing how the Southwest Community Center and the Southwest Model Neighborhood Facility are related and against which entity plaintiff(s) seek(s) to assert claims.

4

possibly the termination of Ms. Lawry's employment as well).  (Dkt. No. 1-1 at 1).

**III.   Complaint**

    **A.   Legal Standards**

Rule 8 of the Federal Rules of Civil Procedure provides that in order to state a claim for relief, a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The main purpose of this rule is to "facilitate a proper decision on the merits." *Swierkewicz v. Sorema*, 534 U.S. 506, 514 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 48 (1957)).  In addition, Rule 10 of the Federal Rules of Civil Procedure directs that "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

When a filing fails to comply with these rules, it creates too heavy a burden for defendants in formulating a proper defense, provides no meaningful basis for a court to assess the sufficiency of a plaintiff's claims, and may properly be dismissed by the court. *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).  As stated by the Second Circuit, "[w]hen a complaint does not comply with the requirement that it be short and plain, the Court has the power, on its own initiative . . . to dismiss the complaint." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).  However, in cases involving a pro se plaintiff, the court should afford the plaintiff leave to amend the complaint to state a claim that is on its face nonfrivolous. *See Simmons v. Abruzzo*, 49 F.3d 83, 86–87 (2d Cir. 1995).

### B. Application

Plaintiff's filing does not comply with the Federal Rules of Civil Procedure, and does not resemble a federal complaint. Ms. Salaam appears to have simply filed documents that she and a coworker filed together during administrative proceedings. The court is unable to determine if there are one or two plaintiffs, as the cover sheet lists one, the letter filing lists two, but there is only one IFP application. The letter filing does not specifically list defendants, and it is unclear what claims plaintiff(s) wish(es) to assert against whom.

The court notes that when Ms. Salaam filed her documents, she was provided with a copy of the court's *Pro Se* Handbook, which instructs *pro se* plaintiffs how to file a proper federal complaint, including additional instructions on filing a civil complaint pursuant to Title VII of the Civil Rights Act. Dkt. No. 3. As filed, Ms. Salaam's filing should be dismissed for failure to comply with the Federal Rule 8(a)(2).

## VI. Amendment

If the court is dismissing an action *sua sponte* for failure to state a claim, the court must give plaintiff an opportunity to amend to cure the defects in the original complaint, unless the court can rule out any possibility that an amended complaint would succeed in stating a claim. *Abbas v. Dixson*, 480 F.3d 636, 639 (2d Cir. 2007). Thus, the court will allow plaintiff or plaintiffs the opportunity to file the proper documents. For ease of reference, the court will order the Clerk to send Ms. Salaam a copy of the court's form civil complaint pursuant to Title VII of the Civil Rights Act.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) is **GRANTED FOR PURPOSES OF FILING ONLY**, and the court will reconsider the motion to proceed IFP when the appropriate papers are filed, and it is

**ORDERED**, that the clerk mail a copy of the court's form civil complaint pursuant to Title VII of the Civil Rights Act, as Amended, and it is further

**RECOMMENDED**, that plaintiff(s) ha(s)(ve) thirty (30) days from the date of this order to file a federal complaint that complies with the Federal Rules of Civil Procedure, and it is further

**RECOMMENDED**, that if plaintiff(s) fail(s) to comply with this order and fail(s) to file a proper federal complaint within thirty (30) days of the date of this order, this action be **DISMISSED IN ITS ENTIRETY** *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: September 6, 2011

Hon. Andrew T. Baxter
U.S. Magistrate Judge