**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**NAJAH SALAAM,**

       **Plaintiff,**

vs.               5:11-cv-948
                  (MAD/ATB)

**SYRACUSE MODEL NEIGHBORHOOD
FACILITY; JESSE DOWDELL, C.E.O. of
Syracuse Model Neighborhood Facility; MARY
ANNE CICCARELLI, Director of Human
Resources; and LINDA CAMPBELL, President
of Syracuse Model Neighborhood Facility Board,**

       **Defendants.**
_____

**APPEARANCES:**        **OF COUNSEL:**

**NAJAH SALAAM**
115 Coolidge Avenue
Syracuse, New York 13204
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

  On August 11, 2011, the Court received for filing a complaint in which Plaintiff *pro se* appears to challenge Defendants' termination of her employment. *See* Dkt. No. 1. In an Order and Report-Recommendation dated September 6, 2011, Magistrate Judge Baxter recommended that the Court (1) grant Plaintiff's motion to proceed *in forma pauperis* for filing purposes only; (2) mail a copy of the Court's form civil complaint to Plaintiff; (3) grant Plaintiff thirty days from the date of any order adopting his Order and Report-Recommendation to file a federal complaint that complies with the Federal Rules of Civil Procedure; and (4) dismiss the complaint in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) if Plaintiff fails to file an amended

complaint within thirty days of the date of any order adopting his Order and Report-Recommendation.  *See* Dkt. No. 4 at 7.  Specifically, in his Order and Report-Recommendation, Magistrate Judge Baxter found that Plaintiff's complaint does not comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure and, in fact, does not even resemble a federal complaint.  *See id.* at 6.  Further, Magistrate Judge Baxter noted that the filing does not specifically indicate who Plaintiff intends to bring suit against and appears to allege claims on behalf of another individual (Ms. Knisha B. Lawry), which she cannot do while proceeding *pro se*.  *See id.*  As such, Magistrate Judge Baxter recommended that the Court dismiss the complaint, but grant Plaintiff leave to amend.[1]  Neither party objected to Magistrate Judge Baxter's Order and Report-Recommendation.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error.  *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted).  After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

---

[1] On October 3, 2011, the Court received for filing an amended complaint.  Although the Court takes no position as to the sufficiency of this pleading, the Court notes that Linda Campbell, President of Syracuse Model Neighborhood Facility Board, is no longer listed as a Defendant.  *See* Dkt. No. 6 at 2.  Further, in the amended complaint, Plaintiff now seeks the appointment of pro bono counsel.  *See id.* at 7.

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to file a timely objection will result in the waiver of further judicial review and cites the pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Having reviewed Magistrate Judge Baxter's September 6, 2011 Order and Report-Recommendation and the applicable law, the Court concludes that Magistrate Judge Baxter correctly recommended that the Court should dismiss Plaintiff's complaint but grant her leave to amend.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Baxter's September 6, 2011 Order and Report-Recommendation is **ACCEPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Plaintiff's *in forma pauperis* application is **GRANTED** for filing purposes only; and the Court further

**ORDERS** that Plaintiff's original complaint is **DISMISSED**; and the Court further

**ORDERS** that Plaintiff's amended complaint is referred to Magistrate Judge Baxter for review; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 5, 2011
　　　　Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge