**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**NAJAH SALAAM,**

                         **Plaintiff,**

    vs.                                            **5:11-cv-948**
                                                      **(MAD/ATB)**

**SYRACUSE MODEL NEIGHBORHOOD**
**FACILITY; JESSE DOWDELL, C.E.O. of**
Syracuse Model Neighborhood Facility; **MARY**
**ANNE CICCARELLI, Director of Human**
**Resources; and LINDA CAMPBELL, President**
**of Syracuse Model Neighborhood Facility Board,**

                          **Defendants.**
_____

**APPEARANCES:**                                  **OF COUNSEL:**

**NAJAH SALAAM**
115 Coolidge Avenue
Syracuse, New York 13204
Plaintiff *pro se*

**SATTER & ANDREWS, LLP**                  **MIMI C. SATTER, ESQ.**
217 S. Salina Street
6th Floor
Syracuse, New York 13202
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Plaintiff initiated this action on August 11, 2011 by filing a complaint and *in forma pauperis* ("IFP") application. *See* Dkt. Nos. 1, 2. On September 6, 2011, Magistrate Judge Baxter issued an Order and Report-Recommendation granting Plaintiff's IFP application, but recommending that the Court dismiss Plaintiff's complaint without prejudice because of her failure to comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure. *See* Dkt. No. 4 at 6.

On October 5, 2011, the Court accepted Magistrate Judge Baxter's recommendation and dismissed Plaintiff's complaint without prejudice.

Currently before the Court is Defendants' unopposed motion to dismiss Plaintiff's amended complaint. *See* Dkt. No. 14.

## II. BACKGROUND

In her amended complaint, Plaintiff alleges that Defendants discriminated and retaliated against her in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act and that they violated her rights as secured by the First and Fourteenth Amendments to the United States Constitution. *See* Dkt. No. 6.

Specifically, Plaintiff claims that, on March 17, 2010, Defendant Ciccarelli, Defendant Syracuse Model Neighborhood Facility's ("SMNF") director of human resources, unlawfully retaliated against her because Plaintiff, "on April 18, 2010, filed a grievance . . . challenging her false allegations that [Plaintiff] had stolen a pocketbook, 3 months earlier, in the state of Louisiana, while on a company business trip." *See id.* at 2.[1] Further, Plaintiff claims that, on that same day, Defendant Ciccarelli refused to provide Plaintiff with the copies of the alleged statements made by those who had falsely accused her of stealing the pocketbook. *See id.* Plaintiff claims that this conduct violated 42 U.S.C. § 1981 and Title VII because Defendant Ciccarelli treated her differently than other "light skinned people" who had complaints brought against them in the past. *See id.* at 3. Plaintiff claims that her "termination was arbitrary, capricious, predicated on bias, prejudice and discrimination and/or reverse discrimination due to

---

[1] To avoid confusion, anytime the Court references a specific page number for an entry on the docket, it will cite to the page number assigned by the Court's electronic filing system.

2

my being black, a female, and a[n] American Muslim with questionable credibility here in America due to the mood of the Country in the last 10 years." *See id.* Finally, Plaintiff claims that Defendant Ciccarelli's unlawful motives are demonstrated by the fact that "she, after unlawfully terminating [Plaintiff], failed to send . . . a termination letter under N.Y. State Labor Law, Section 195, as she has done for white employees and/or others after they were terminated detailing the precise and/or specific reasons for the terminations." *See id.* at 4.

### III. DISCUSSION

In this motion to dismiss, Defendants claim that Plaintiff's complaint must be dismissed because Plaintiff has failed to allege plausible causes of action for retaliation or discrimination in violation of Title VII and 42 U.S.C. § 1981. *See* Dkt. No. 14-1 at 4-7. Further, Defendants claim that the Title VII claims against the individual Defendants must be dismissed because Title VII does not provide for individual liability. *See id.* at 7.

**A.   Standard of review**

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may

consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting [*Twombly*, 550 U.S.] at 557, 127 S. Ct. 1955). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[] complaint must be dismissed[,]" *id.* at 570.

"The *Iqbal* plausibility standard applies in conjunction with employment discrimination pleading standards." *Gillman v. Inner City Broad. Corp.*, No. 08 Civ. 8909, 2009 WL 3003244, *3 (S.D.N.Y. Sept. 18, 2009). Employment discrimination claims need not contain specific facts establishing a *prima facie* case of discrimination, *see Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514-15 (2002); rather, an employment discrimination complaint "must include only a short and plain statement of the claim . . . [that] give[s] the defendant fair notice of what the plaintiff's claim

4

is and the grounds upon which it rests," *id.* at 512 (quotation marks and citations omitted); *see also Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007) (applying *Swierkiewicz* to NYSHRL discrimination claims).

Despite this recent tightening of the standard for pleading a claim, complaints by *pro se* parties continue to be accorded more deference than those filed by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 127 (2007). As such, *Twombly* and *Iqbal* notwithstanding, this Court must continue to "construe [a complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests." *Weixel v. Bd. of Educ.*, 287 F.3d 138, 146 (2d Cir. 2002).

**B.    Retaliation**[2]

Title VII prohibits employers from discriminating against an employee who "has opposed any practice made an unlawful employment practice" or "has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing[.]" 42 U.S.C. § 2000e-3(a). Courts analyze claims of retaliation pursuant to Title VII according to the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Terry v. Ashcroft*, 336 F.3d 128, 141 (2d Cir. 2003) (citation omitted).

To make out a *prima facie* case of retaliation under Title VII, a plaintiff must adduce evidence sufficient to permit a rational trier of fact to find "'(1) that [s]he engaged in protected

---

[2] The Court notes that "[t]he substantive standards applicable to claims of employment discrimination under Title VII . . . are also generally applicable to claims of employment discrimination brought under § 1981." *Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010) (citations omitted). Moreover, "'[t]he elements required to make out a claim of retaliatory discharge under 42 U.S.C. § 1981 are the same as those required to make out such a claim under Title VII.'" *Cook v. CBS, Inc.*, 47 Fed. Appx. 594, 596 (2d Cir. 2002) (quoting *Taitt v. Chemical Bank*, 849 F.2d 775, 777 (2d Cir. 1988)) (other citation omitted). Accordingly, the Court will jointly consider Plaintiff's Title VII and section 1981 unlawful termination and retaliation claims.

participation or opposition under Title VII . . . , (2) that the employer was aware of this activity, (3) that the employer took adverse action against the plaintiff, and (4) that a causal connection exists between the protected activity and the adverse action, *i.e.*, that a retaliatory motive played a part in the adverse employment action.'" *See Kessler v. Westchester County Dep't of Soc. Servs.*, 461 F.3d 199, 205-06 (2d Cir. 2006) (quotation and other citations omitted).

In the present matter, Plaintiff claims that, "[o]n March 17, 2010, [Defendant] Ciccarelli . . . unlawfully retaliated against me because I, on April 8, 2010[,] filed a grievance, according to SWCC Rules and Regulations, challenging her false allegations that I had stolen a pocketbook, 3 months earlier, in the state of Louisiana, while on a company business trip." *See* Dkt. No. 6 at 2. Even assuming for purposes of this decision that Plaintiff meets the first three elements, she fails to establish a causal connection between her termination on March 17, 2010 and her "grievance" filed on April 8, 2010. Quite simply, a person cannot be retaliated against for engaging in protected activity which has not yet taken place. *See Hooven-Lewis v. Caldera*, 249 F.3d 259, 275 (4th Cir. 2001) (holding that, in a Title VII retaliation case, an adverse employment decision made several days prior to the alleged protective activity fails to establish the necessary causal connection); *see also Sterling v. H.P. Hood, Inc.*, No. 91-CV-1451, 1993 WL 379431, \*7 (N.D.N.Y. Sept. 22, 1993).

Further, to the extent that Plaintiff is asserting that Defendants conduct after her termination constituted unlawful retaliation, Plaintiff has failed to allege any additional "adverse employment actions," as that term has been defined. The Second Circuit has found that a "terminated employee may be able to state a claim for retaliation 'if, for example, the company "blacklists" the former employee, wrongfully refuses to write a recommendation to prospective employers, or sullies the plaintiff's reputation.'" *Harrison v. North Shore University Hosp.*, No.

6

CV 04-2033, 2008 WL 656674, *13 (E.D.N.Y. Mar. 6, 2008) (quoting *Wanamaker v. Columbian Rope Co.*, 108 F.3d 462, 466 (2d Cir. 1997)). Plaintiff's allegations fall far short of alleging a post-termination adverse employment action.

Based on the foregoing, the Court grants Defendants motion to dismiss Plaintiff's retaliation claims.

**C.     Discrimination**

To state a *prima facie* case for employment discrimination under Title VII and the NYSHRL, a plaintiff must show that: (1) he was a member of a protected class; (2) he was qualified for his position; (3) he suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *see also Collins v. New York City Transit Auth.*, 305 F.3d 113, 118 (2d Cir. 2002); *Forrest v. Jewish Guild for the Blind*, 3 N.Y.3d 295, 316 (2004) (holding that the *McDonnell Douglas* framework applies to discriminatory discharge claims brought pursuant to the NYSHRL) (citations omitted). However, as discussed above, to survive a motion to dismiss, an employment discrimination claim need only satisfy the basic requirements of Rule 8(a) providing a "short and plain statement of the claim." Fed. R. Civ. P. 8(a); *see also Swierkiewicz*, 534 U.S. at 512-13. The claim must be facially plausible, and give fair notice to the defendants of the claim and its basis. *See Boykin*, 521 F.3d at 212-14.

"To establish a claim under 42 U.S.C. § 1981, plaintiff must show that (1) she is a member of a racial minority group, (2) Defendants . . . intended to discriminate against her on the basis of race, and (3) this discrimination concerned one of the activities enumerated in 42 U.S.C. § 1981, *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993), which

7

include the rights to make and enforce contracts, to sue, and the right 'to the full and equal benefit of all laws and proceedings for the security of persons and property,' 42 U.S.C. § 1981." *Jenkins v. NYC Transit Auth.*, 201 Fed. Appx. 44, 45 (2d Cir. 2006). "A plaintiff's efforts to establish the second element of a § 1981 claim are subject to the same burden-shifting analysis as intentional discrimination claims brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*" *Id.* at 45-46 (citing *Gant ex rel. Gant v. Wallingford Bd. of Educ.*, 195 F.3d 134, 146 (2d Cir. 1999)).

In the present matter, Plaintiff claims the following instances of discriminatory conduct: that Defendants "refus[ed] to allow [her] to confront the witnesses against [her];" that her "termination was arbitrary, capricious, predicated on bias, prejudice and discrimination and/or reverse discrimination due to . . . being black, a female, and a[n] American Muslim;" that Defendant Ciccarelli "failed to send [Plaintiff] a termination letter under N.Y. State Labor Law, Section 195, as she has done for white employees and/or others after they were terminated detailing the precise and/or specific reasons for the terminations;" that Defendant Ciccarelli terminated Plaintiff in "'bad faith' and/or via unlawful discrimination involving 'mixed motives;'" and that Defendant SMNF "failed to provide [her] with a 'grievance hearing.'" *See* Dkt. No. 6 at 3-4.

In the present matter, Plaintiff meets the first prong because she is an African-American female. Further, Defendant does not contend that Plaintiff was not qualified for her job. Plaintiff meets the third prong, for several of her claims, because her employment was terminated. As such, the only factor at issue is whether Plaintiff has plausibly alleged facts which indicate that the circumstances of her termination give rise to an inference of discrimination.

As with her retaliation claim, Plaintiff has not sufficiently pled a plausible claim alleging that the adverse employment action occurred under circumstances giving rise to an inference of discrimination. Plaintiff has only provided the conclusory statements that she was terminated because of her race, which "'is insufficient to give rise to an inference of discrimination based on her membership in a protected class.'" *Burnett v. Trinity Inst. Homer Perkins Ctr., Inc.*, No. 1:10-cv-681, 2011 WL 1752237, \*4 (N.D.N.Y. May 6, 2011) (quoting *Mitchell v. Project Renewal*, No. 09 Civ.1958, 2010 WL 481348, \*3 (S.D.N.Y. Feb. 1, 2010)). "Such conclusory allegations 'fail to identify any circumstances from which the Court might otherwise infer discrimination.'" *Id.* (quoting *Bampoe v. Coach Stores, Inc.*, 93 F. Supp. 2d 360, 372 (S.D.N.Y. 2000)).

Moreover, regarding the alleged discriminatory conduct that occurred after she was terminated, Plaintiff fails to establish a causal connection between the adverse employment action and the alleged discriminatory animus. Although Title VII protects former employees from certain post-termination manifestations of discrimination and retaliation, none of the alleged instances of post-termination discriminatory treatment constitutes conduct that could qualify as an adverse employment action. *See Louis v. Brooklyn Botanic Garden*, No. 10-CV-5406, 2011 WL 3857127, \*9 n.13 (E.D.N.Y. Sept. 1, 2011). For example, Plaintiff claims that she was not provided a "'grievance hearing'" and that she was not provided with a letter detailing the specific reasons for her termination. *See* Dkt. No. 6 at 3-4. This conduct, however, does not qualify as an actionable adverse employment action for purposes of Plaintiff's discrimination claims. *See Vasquez v. Nueces County, Texas*, No. C-11-45, 2012 WL 401056, \*5 (S.D. Tex. Feb. 6, 2012) (citations omitted); *Ervin v. Dallas County*, No. 3:08-CV-1697-K, 2010 WL 624897, \*5 (N.D. Tex. Feb. 22, 2010) (holding that the "[d]enial of a grievance hearing does not qualify as an actionable adverse employment action" (citations omitted)).

9

Moreover, although "a plaintiff may plead facts alleged upon information and belief where the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible," *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010), these allegations must be "'accompanied by a statement of the facts upon which the belief is founded,'" *Prince v. Madison Square Garden*, 427 F. Supp. 2d 372, 385 (S.D.N.Y. 2006) (quotation omitted). In the present matter, Plaintiff fails to provided such further facts upon which her belief is founded; and, therefore, the Court finds that Plaintiff's third and fourth allegations fail to provide a sufficient basis to infer discrimination. *See* Dkt. No. 6 at 3.

Based on the foregoing, the Court grants Defendants' motion to dismiss insofar as it seeks to dismiss Plaintiff's discrimination claims.

**D.     Plaintiff's Title VII claims against the individual Defendants**

The Second Circuit has repeatedly held that Title VII does not provide for individual liability. *See Sheffield v. Sheriff of Rockland County Sheriff Dept.*, 393 Fed. Appx. 808, 811 n.2 (2d Cir. 2010) (citing *Spiegel v. Schulmann*, 604 F.3d 72, 79 (2d Cir. 2010)). As such, the Court grants Defendants' motion to dismiss Defendants Ciccarelli and Dowdell.

**E.     Leave to amend**

When a *pro se* complaint fails to state a cause of action, the court generally "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citations omitted). Of course, an opportunity to amend is

10

not required where "[t]he problem with [the plaintiff's] cause of action is substantive" such that "better pleading will not cure it." *Id.* (citation omitted).

In the present matter, the Court finds that granting Plaintiff leave to amend a third time would be futile. Plaintiff has failed to allege any facts causally connecting the alleged adverse action with facts indicating that the decision was based on impermissible considerations. Further, much of the alleged conduct alleged in the amended complaint occurred after Plaintiff's termination and does not amount to adverse action independent of her termination.

Based on the foregoing, the Court's dismissal of Plaintiff's claims is with prejudice.

**F.     Supplemental state-law claims**

In her complaint, Plaintiff makes several references to the fact that her "State and Federal Civil and Constitutional Rights" were violated by Defendants' alleged conduct. *See, e.g.,* Dkt. No. 6 at 3. District courts have supplemental jurisdiction over all state-law claims that are so related to federal claims over which they exercise original jurisdiction that they form part of the same case or controversy under Article III of the Constitution. *See* 28 U.S.C. § 1367(a). Application of supplemental jurisdiction is discretionary, however, and "it requires a balancing of the considerations of comity, fairness to the litigants, judicial economy, and the avoidance of needless decisions of state law." *Federman v. Empire Fire & Marine Ins. Co.*, 597 F.2d 798, 809 (2d Cir. 1979) (citation omitted).

Since the Court has granted Defendants' motion to dismiss as to all of Plaintiff's federal causes of action, and taking into consideration the factors listed above, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law causes of action.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' motion to dismiss the amended complaint is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's amended complaint is **DISMISSED with prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal taken from this Memorandum-Decision and Order would not be taken in good faith; and the Court further

**ORDERS** that the Clerk of the Court shall serve the parties with a copy of this Memorandum-Decision and Order in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 15, 2012
Albany, New York

Mae A. D'Agostino
U.S. District Judge